## BITTMAN v BITTMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4606. Decided March 26, 1934.

John W. Cowell, Cincinnati, for plaintiff in error.

J. G. DeFossett, Cincinnati, for defendant in error.

RICHARDS, WILLIAMS and LLOYD, JJ, (6th Dist) sitting.

## OPINION

By RICHARDS, J.

Two grounds are urged which, it is claimed, justify the action of the trial court,— first, that the request was not made in time, and, second, that the right to a finding of facts and conclusions of law does not exist in a divorce case. In the judgment of this court neither of these grounds is tenable. The reason given by the trial court for overruling the application was that it was not filed in time, and yet it appears to have been filed on the very day that the judgment granting a divorce was rendered. The second request was made the day after the motion for a new trial, was filed and before said motion had been acted on by the court. It does not appear that any rule had been adopted by the Common Pleas Court of Hamilton County governing the making of applications for a finding of facts and conclusions of law. In the opinion of this court, each one of these applications was made in due time.

It is contended, however, that no right to request a finding of facts or conclusions of law exists in an action for divorce. §11470, GC, provides that when questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the trial court shall state in writing the conclusions of fact found separately from the conclusions of law. We can perceive no reason why this statute is not applicable to divorce cases as well as to other cases which are tried by the court without the intervention of a jury. Manifestly, the nature and purpose of a finding of facts and conclusions of law are such as to make the procedure just as applicable in a divorce case as in any other case. As has been well said in 64 C. J., 1227:

"The making of findings of fact and conclusions of law is for the protection of both court and parties, the purpose of such findings and conclusions being to dispose of the issues raised by the pleadings, and to make the case easily reviewable by exhibiting the exact grounds upon which the judgment rests."

Counsel cite **State ex Kleinman v Cleveland, 118 Oh St, 536,** which was an action in prohibition to prevent the trial of a divorce case by a referee appointed by the court. In the course of the opinion in that case, delivered by Allen, Judge, the following language is used:

"It is conceded by both parties to the action that divorce is a statutory proceeding and a special form of civil action. It is also conceded that the procedure of civil actions is applicable to divorce actions, in so far as practicable, and unless otherwise restricted by the provisions relative to divorce."

It was held in a case decided in this county entitled **Bloom v Rabkin, 19 Oh Ap, 23,** that the provisions of §11470, GC, are mandatory and that the failure to comply therewith is reversible error. One of the purposes of the finding of facts and conclusions of law is to dispense with the necessity of incurring the expense of a bill of exceptions.

In **Oxford Township v Columbia, 38 Oh St, 87,** the Supreme Court held that the refusal to make separate conclusions of law and fact was prejudicial error and that the judgment should be reversed unless it appeared from the record that the plaintiff in error was not prejudiced by the refusal.

This absence of prejudice certainly does not appear from the present record, because the defendant below was relying on the claim that there were errors in the admission and rejection of evidence and that there was no corroboration of plaintiff's evidence, and that the judgment was against the weight of the evidence.

Judgment reversed and cause remanded for further proceedings.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.